294 So.2d 667 (1974)
Natalie SHEPHARD, Appellant,
v.
AZZARELLI CONSTRUCTION CO., a Florida Corporation, Appellee.
No. 73-725.
District Court of Appeal of Florida, Second District.
May 22, 1974.
B. Lee Elam, Brandon, for appellant.
Calvin A. Pope, Tampa, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
The plaintiff, Natalie Shephard, appeals from a final summary judgment entered against her below. She was injured when, while attempting to make a left turn on a green light on a busy Tampa boulevard, her vehicle was struck by a car proceeding on a direct course from the opposite direction. In this action, she sued, not the driver of that automobile, but rather the Azzarelli Construction Co., the owner of two trucks, one of which had broken down, and both of which were stopped, unmoving, in the left turn lane opposite and across the intersection from her. Ms. Shephard contended that these vehicles had blocked her vision of the intersection and specifically of the car into which she turned and with which she collided.
Although we agree with the appellant that under the criteria stated in Hoffman v. Jones, Fla. 1973, 280 So.2d 431, she adequately preserved below the applicability of the comparative negligence doctrine, and thus that she is not barred by her clearly-established contributory negligence, we nonetheless affirm the summary judgment below. We do so because it was conclusively established that the location of the defendant's vehicles was not itself improper and, therefore, that the arguably negligent act of permitting the truck to fall into disrepair had nothing whatever, "proximate" or otherwise, to do with the occurrence of the accident, which would have occurred in precisely the same way had the trucks merely been stopped waiting to make a left turn from their proper location in the intersection. Both Sims v. Apperson Chemicals, Fla.App. 1966, 185 So.2d 179, and Smith v. Johnson, Fla.App. 1973, 282 So.2d 178, directly apply and compel affirmance.
Affirmed.
HOBSON, Acting C.J., and BOARDMAN, J., concur.